J. I. CASE THRESHING MACHINE COMPANY, a corporation, *Appellant,* v. E. C. ROWELL, *Appellee.*

146 So. 899.

Opinion filed March 16, 1933.

*A. M. Roland,* Attorney for Appellant.

*P. B. Howell,* Attorney for Appellee.

ULY O. THOMPSON, Circuit Judge—The plaintiff in the court below (appellant here) filed its suit in the Circuit Court of Sumter County, Florida, against the defendant, E. C. Rowell (appellee here), upon a retain title note given by Rowell to the plaintiff for the purchase price of a certain Case tractor, model C, which was fully described in the note. The defendant filed three pleas; the first plea has been abandoned.

The second and third pleas both allege, in substance, that the note sued upon was given for the purchase price of a certain tractor therein described, and that after the execution and delivery of the note to the plaintiff said tractor was delivered to the defendant, and that while the tractor was in the possession of one, H. O. Collier, in an effort to sell the same to him, the plaintiff unlawfully took possession of said tractor and converted the same to its own use and sold the same to the said Collier.

It appears from the record that this case has been tried twice before juries upon the issue made by said declaration and pleas; that upon the first trial a verdict was rendered in favor of the defendant and the court granted a new trial; that upon the new trial the verdict was likewise in favor of the defendant.

There has been no assignment of error attacking the ruling of the court below, either upon the pleadings or upon the charge to the jury. The giving of the note was admitted, as was, also, the fact that it had not been paid. There

was testimony tending to show that the defendant at the time of the execution and delivery of the note and the delivery of the tractor to him by the plaintiff, was by the plaintiff appointed its agent in the territory in which the defendant lived, and that in computing the amount of said note the agent's commission was deducted from the purchase price. There is also testimony tending to show that said tractor was sold and delivered to the defendant by the plaintiff to be used, in part at least, by the defendant as a demonstrator. There is also testimony tending to prove that the tractor in question was thereafter delivered by the defendant to H. O. Collier upon trial to see if the same would answer his purposes; that while the defendant was temporarily absent another agent of the plaintiff went to the said Collier and demanded possession of the tractor and was advised by Collier that he, Collier, desired to retain said tractor; that as a result of negotiations then had between Collier and said agent Collier gave to the plaintiff an additional note in the sum of $250.00, which was claimed by such agent to represent additional collateral for the note previously given the plaintiff by Rowell.

It is contended by the defendant that by the taking of such additional note and consenting to the sale of the tractor by such agent to Collier, the plaintiff had in legal effect repossessed the tractor and resold the same to Collier. This issue was presented to the jury by pleadings and by instructions to which no proper objection was made and insisted on, and it appearing that there is testimony in the record which warrants the verdict of the jury, finding the pleas to be true the judgment of the court below should be affirmed.

Affirmed.

Davis, C. J., and Whitfield, Brown and Buford, J. J., concur.